UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVIDSON SANON,<br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *Superintendent, Wyatt Detention Facility*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; DAVID VENTURELLA, *Acting Director of the U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *Attorney General of the United States*; and DAVID T. WESLING, *Acting Boston Field Office Director of U.S. Immigration and Customs Enforcement*,<br>Respondents. | No. 26-cv-563-JJM-AEM |

**MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

On August 21, 2026, this Court issued an Order granting Davidson Sanon's Petition for Writ of Habeas Corpus and directing the Government to release him from the custody of Immigration and Customs Enforcement ("ICE") and provide him with a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 12 at 1; *see also Sanon v. Nessinger*, No. 26-cv-563-JJM-AEM, 2026 WL 2454114, at *1 (D.R.I. Aug. 21, 2026).

The Government released Mr. Sanon from ICE custody that day, and provided him with a bond hearing ten days later on August 31, 2026. ECF No. 15 at 1. At the

bond hearing, the IJ found Mr. Sanon posed a danger to the community by clear and convincing evidence and denied his request for release on bond. *Id.* Notably, ICE officials did not take Mr. Sanon back into custody following the bond hearing. *See* ECF No. 14 at 1; ECF No. 16 at 1. Nor does the record suggest that ICE officials placed any monitoring equipment or conditions of release on Mr. Sanon.

Mr. Sanon has now filed an Emergency Motion to Enforce Judgment in which he asks the Court to: (1) declare that the IJ's bond determination did not comply with the Court's Habeas Order; (2) vacate the bond determination; and (3) bar the Government from relying upon the bond determination as a renewed basis for Mr. Sanon's detention "absent a constitutionally adequate custody determination." ECF No. 14 at 2. The Government opposes Mr. Sanon's motion and argues, among other things, that the Court lacks jurisdiction to consider his request. ECF No. 16 at 1.

## I. DISCUSSION

As the Government previewed, this discussion begins and ends with jurisdiction—and this Court's lack thereof. Federal courts are courts of limited jurisdiction, possessing only the power granted to them by the Constitution or by statute. *Corrigan v. Bos. Univ.*, 98 F.4th 346, 356 (1st Cir. 2024) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

28 U.S.C. § 2241 provides that federal courts may grant habeas relief only to those individuals who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). In the past, the Supreme Court has "very liberally construed" the "in custody" requirement.

*Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Harris v. Nelson*, 394 U.S. 286, 291 (1969); *Peyton v. Rowe*, 391 U.S. 54, 65 (1968).

As the Court has explained, "custody" extends beyond mere physical incarceration. *See Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("[I]n the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). Instead, the habeas petitioner must "be subject to 'restraints not shared by the public generally.'" *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984) (quoting *Jones*, 371 U.S. at 240). At the very least, in order to grant the petition, "there must be some type of continuing governmental supervision over the person." *Id.* (citing *Spring v. Caldwell*, 692 F.2d 994, 997-98 (5th Cir. 1982)).

In the immigration context, courts have found the "in custody" requirement to be met where, even though a noncitizen has been released from ICE's physical custody, the agency has nevertheless imposed monitoring measures or other conditions of release on the noncitizen.[1] *See, e.g.*, *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 67-68 (D. Mass. 2025); *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *13 (C.D. Cal. Oct. 23, 2025); *Khabazha v. U.S. Immigr. & Customs Enf't*, No. 25-cv-5279 (JMF), 2025 WL 3281514, at *3 (S.D.N.Y. Nov. 25,

[1] Conditions of release can include but are not limited to: (1) requiring the noncitizen to wear a GPS ankle monitor; (2) requiring the noncitizen to report for regular check-ins with ICE; (3) allowing ICE to enter the noncitizen's residence for home visits; (4) imposing a curfew on the noncitizen; and (5) geographically restricting where the noncitizen can travel. *See Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 67-68 (D. Mass. 2025); *see also Ali v. Napolitano*, No. 12-cv-11384, 2013 WL 3929788, at *4 (D. Mass. July 26, 2013).

2025); *A.B.D. v. Wamsley*, No. 6:25-cv-02014-AA, 2026 WL 178306, at *8 (D. Or. Jan. 22, 2026).

In the present case, though he was previously detained by ICE on August 4, 2026, ICE released Mr. Sanon about three weeks later on August 21, 2026.[2] *See Sanon*, 2026 WL 2454114, at *2; ECF No. 14 at 1. Mr. Sanon remains at liberty today, and ICE has not—as far as the Court is aware—imposed any sort of monitoring measures or other conditions of release on him. The Court therefore lacks jurisdiction over this matter because Mr. Sanon is not currently "in custody" within the meaning of 28 U.S.C. § 2241(c)(3).

Of course, should ICE take him back into custody or place any other restrictions on his liberty, then Mr. Sanon is free to pursue appropriate relief in this Court. For now, however, the Court is constrained in the relief it can grant Mr. Sanon. *See España v. Nessinger*, No. 26-cv-014-JJM-PAS, 2026 WL 507403, at *2 (D.R.I. Feb. 23, 2026) (denying similar request); *Siqueira v. Wesling*, No. 26-cv-096-JJM-AEM, 2026 WL 575909, at *3 (D.R.I. Mar. 2, 2026) (same).

## II. CONCLUSION

[2] To be sure, "[c]ustody is determined from the date that a habeas petition is first filed." *Tinder*, 725 F.2d at 803 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238-40 (1968); *Marchand v. Dir., U.S. Prob. Off.*, 421 F.2d 331, 332 n.1 (1st Cir. 1970)). However, this does not change the fact that the petitioner must be subject to some sort of restriction on their liberty. *Id.* at 804 ("Penalties that do not impose . . . a restraint or the imminent threat of such a restraint do not meet the custody requirement of the habeas statute.").

For these reasons, the Court DENIES WITHOUT PREJUDICE Mr. Sanon's Emergency Motion to Enforce Judgment. ECF No. 14.[3]

IT IS SO ORDERED.

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

September 4, 2026

[3] The Court expresses no opinion as to whether Mr. Sanon's bond hearing comported with due process requirements. That said, the Court can and will consider any such argument should the circumstances warrant it in the future. *See, e.g.*, *España v. Nessinger*, No. 26-cv-014-JJM-PAS, --- F. Supp. 3d ----, 2026 WL 821788, at *1, *3-4 (D.R.I. Mar. 25, 2026) (granting a noncitizen detainee's renewed motion to enforce judgment stemming from constitutionally inadequate bond hearing because, even though the noncitizen was not "in custody" when he filed his initial motion to enforce judgment, ICE officers later took him back into custody).